IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00366-MR

| | |
|---|---|
| JASON CARMONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNION COUNTY SHERIFF'S OFFICE, ) | |
| et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on several *pro se* filings, some of which were docketed as Motions [Docs. 4, 5, 7, 9, 10, 11, 13, 14].

The *pro se* Plaintiff, a pretrial detainee at the Union County Jail ("UCJ"), filed a Complaint pursuant to 42 U.S.C. § 1983 addressing several criminal investigations, and incidents that allegedly occurred at the Jail.[1] [Doc. 1]. The Plaintiff then filed an Amended Complaint [Doc. 6], and several Letters purporting to supplement his allegations [Docs. 7, 9, 10, 11], and seeking other relief including: participation in the Court's PSAP; the appointment of a

---

[1] It appears that it may not be appropriate for all of the Plaintiff's claims to proceed in a single lawsuit. See generally Fed. R. Civ. P. 20; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three-strikes provisions of the Prison Litigation Reform Act.).

mediator; the appointment of counsel; the Court's assistance with service and discovery; and free copies [Docs. 4, 7, 9, 10, 13].

The Court has not yet screened the Complaint or Amended Complaint for frivolity, as the Plaintiff's Application to proceed *in forma pauperis* is still pending. [See Doc. 2: Application to Proceed *In Forma Pauperis*; Doc. 12: Order for Prisoner Trust Account Statement].

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Plaintiff has already amended the Complaint once, and he has filed various Letters purporting to supplement and amend his allegations. The Plaintiff's piecemeal attempts to amend and supplement the Complaint will not be allowed. However, the Plaintiff shall have thirty (30) days in which to file a superseding Second Amended Complaint, subject to all applicable timeliness and procedural requirements. See generally Fed. R. Civ. P. 8(a); Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back). The Plaintiff must submit his Second Amended Complaint on a § 1983 form,

2

clearly identify the Defendants against whom he intends to proceed, and set forth facts describing how each of the Defendants allegedly violated his rights. See generally Fed. R. Civ. P. 10(a). The Second Amended Complaint will replace the original and Amended Complaints. If the Plaintiff fails to timely file a Second Amended Complaint in accordance with this Order, the Court will proceed on an initial review of the allegations as set forth in the Amended Complaint [Doc. 6].

The Plaintiff's request for the appointment of counsel is denied. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel, and therefore, his request for the appointment of counsel is denied.

The Plaintiff's request to participate in the Court's *Pro Se* Settlement Assistance Program ("PSAP") is denied, as the PSAP is not available to prisoners or pretrial detainees. See LCvR 16.4(b)(1).

The Plaintiff's remaining requests are denied because they are either nonsensical or premature. The Plaintiff is cautioned to refrain from making

3

duplicative or abusive filings; they will be stricken without further notice. The Plaintiff is also cautioned that Letters to the Court will not be answered in future. The Plaintiff must seek relief from the Court, if at all, by filing an appropriate motion. The Court will, however, provide the Plaintiff another copy of its Order of Instructions [Doc. 3], and the current docket sheet as a courtesy.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's *pro se* Letters [Docs. 7, 9, 10, 11] are construed as Motions and are **GRANTED** in part and **DENIED** in part, in that the Plaintiff shall have **thirty (30) days** in which to file a superseding Second Amended Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will proceed on the Amended Complaint [Doc. 6].

(2) The Plaintiff's remaining Letters [Docs. 4, 5, 13, 14] are construed as Motions seeking miscellaneous relief and are **DENIED**.

(3) The Plaintiff is cautioned that future duplicative or abusive filings will be stricken without further notice.

(4) The Clerk is instructed to mail Plaintiff a blank prisoner complaint form, the Order of Instructions [Doc. 3], the current docket sheet,

and a copy of this Order.

**IT IS SO ORDERED.**

Signed: September 17, 2021

Martin Reidinger
Chief United States District Judge