# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00366-MR

| | |
|---|---|
| JASON CARMONA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNION COUNTY SHERIFF'S OFFICE, ) <br> et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Second Amended Complaint. [Doc. 1]. Also pending is a Letter that was docketed as a Motion to Supplement the Second Amended Complaint [Doc. 22]. The Plaintiff is proceeding in forma pauperis. [Doc. 18].

## I. BACKGROUND

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Union County Jail. [Doc. 1]. While the Court was awaiting records to resolve the Plaintiff's Application to proceed *in forma pauperis*, the Plaintiff filed an Amended Complaint and several Letters purporting to supplement his allegations. [Docs. 6, 7, 9, 10, 11]. On September 17, 2021, the Court rejected the Plaintiff's piecemeal attempts to

amend and supplement the Complaint and instructed him to file a superseding Second Amended Complaint within 30 days. [Doc. 15]. The Plaintiff was informed that the Second Amended Complaint would replace the original and amended Complaints, and that he should describe how each of the Defendants allegedly violated his rights. [Doc. 15 at 2-3].

The Second Amended Complaint is now before the Court for initial review. He asserts violations of "[t]he due process clause of the 14th Amendment of the U.S. Constitution and Article I § 19 of the N.C. Constitution."[1] [Doc. 19 at 3]. The Plaintiff names as Defendants: Union County; Union County Jail (UCJ); the Union County Sheriff's Office (UCSO); Eddie Cathey, the Union County Sheriff; Dan Rogers, the UCJ jail administrator; K. Martin, a UCJ classification corporal; and FNU Younts, a UCJ classification officer. The Plaintiff alleges that UCJ employees failed to protect him from an attack by other inmates, and that he was denied adequate medical care for his injuries, which including a cracked tooth and broken hand. [Doc. 19 at 8]. He claims that he is still suffering physical pain as well as extreme anxiety, PTSD, and nightmares for which he is receiving

---

[1] The Court will liberally construe the Second Amended Complaint and address all claims reasonably suggested by the allegations.

psychological treatment. [Id. at 9]. He seeks compensatory, punitive, and nominal damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Second Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege

facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Plaintiff names as a Defendant the UCJ. However, a jail is not a "person" subject to suit under § 1983. Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). The Court, therefore, will dismiss UCJ as a Defendant.

The Plaintiff names as Defendants Union County, UCSO, and the individual Defendants in their official capacities. Suits against sheriffs and sheriffs office employees in their official capacities are, in substance, claims against the office of the sheriff itself. Gannt v. Whitacker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, a plaintiff must allege that a sheriff's office policy or custom resulted in the violation of federal law. See Monell v. N.Y. Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom"

4

must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same). The Plaintiff alleges that Sheriff Cathey is the "final policy maker," and that Union County and UCSO are "municipalit[ies] liable for due process violations." [Doc. 19 at 6-7]. However, the Plaintiff does not make any factual allegations to support a claim for municipal liability and his conclusory assertion of such is insufficient to state a Monell claim. Accordingly, the Plaintiff's § 1983 claims against Sheriff Cathey, Union County, UCSO, and the individual Defendants in their official capacities are dismissed for failure to state a claim upon which relief can be granted.

## B. Failure to Protect

The Plaintiff claims that he repeatedly asked Defendants Martin and Younts not to move him to UCJ's B-block because inmates had threatened to "beat up/assault[ ]" him there. [Doc. 19 at 7-8]. He claims that Defendants Martin and Younts ignored these requests and moved him to the B-block where he was "severely assaulted" by four inmates on March 5, 2021. [Id.].

The Eighth Amendment[2] imposes on prison officials a duty to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan,

---

[2] Because the Plaintiff was a pre-trial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463

5

511 U.S. 825, 833 (1994) (internal quotations omitted). To obtain relief under § 1983 on a claim of failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury" resulting from that failure; and (2) the prison officials had a "sufficiently culpable state of mind," which in this context is deliberate indifference. Farmer, 511 U.S. at 834. A prison official is "deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows and disregards' the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Farmer, 511 U.S. at 837).

Taking the allegations as true for the purposes of initial review, and construing the inferences in Plaintiff's favor, the Court concludes that the Plaintiff has sufficiently asserted a failure-to-protect claim against Defendants Martin and Younts. Accordingly, this claim will be allowed to proceed at this time.

---

U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See Moss v. Harwood, 19 F.4th 614, 624 n.4 (4th Cir. 2021) (noting that, "under Kingsley v. Hendrickson, 576 U.S. 389, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015), pretrial detainees bringing excessive force claims under the Fourteenth Amendment are no longer required to satisfy the analogous subjective component that governs the Eighth Amendment excessive force claims of convicted prisoners ... [however] the Supreme Court has not extended Kingsley beyond the excessive force context to deliberate indifference claims, ... and neither has our court...."); Mays v. Sprinkle, 992 F.3d 295, 300-02 (4th Cir. 2021) (declining to decide whether a pretrial detainee must satisfy the subjective component of the Eight Amendment deliberate indifference standard).

### C. Deliberate Indifference to a Serious Medical Need

The Plaintiff claims that Captains Rogers and Pierce "den[ied] and ignore[d] the facts and evidence [he] was hurt" in the inmate attack, and that Rogers, Pierce, and Sheriff Cathey "were completely indifferent telling [Plaintiff] and [Plaintiff's] family that [he] should practicly [sic] stop complaining no such incident took place to stop lying, things happen in jail not making sense…." [Doc. 19 at 7]. The Plaintiff further claims that he requested dental care for a cracked tooth in March but he did not receive treatment until August 2021, and that "a nurse" insisted that his hand was not broken whereas an x-ray in September 2021 revealed a fracture. [Id. at 8].

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir.

2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Plaintiff has failed to sufficiently allege that Defendants Rogers and Cathey actually knew of and disregarded a serious need for medical care. Neither of them is a health care provider. Plaintiff alleges he had a cracked tooth and a fractured bone in his hand. He makes no allegations as to how these Defendants would have been aware of the nature of Plaintiff's injuries, except for Plaintiff's subjective complaints. The Plaintiff's disagreement with the promptness or quality of the care he received, or the suggestion that any inadequacy resulted from negligence, fails to support a § 1983 claim. See Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) ("mere 'disagreements between an inmate and a physician over the inmate's proper medical care' are not actionable absent exceptional circumstances.") (citation omitted); Miltier, 896 F.2d at 852 (mere negligence or malpractice does not violate the Eighth Amendment). Moreover, the Plaintiff's allegations regarding Captain Pierce, an unnamed nurse, and request for dental care cannot proceed because they do not appear to involve any

Defendant in this case. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The Plaintiff's claims for deliberate indifference to a serious medical need are therefore dismissed without prejudice.

### D. Equal Protection

The Plaintiff alleges that "[e]ach defendant … den[ied] [him] equal protection of the law…." [Doc. 19 at 6-7].

To establish an equal protection violation, a plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)).

Here, the Plaintiff has not set forth any facts in support of an equal protection claim, and no such claim can be gleaned from a liberal construction of the allegations. His bald reference to "equal protection" fails to state a claim against any Defendant, and it is therefore dismissed without prejudice.

E. **Supplemental Jurisdiction**

The Plaintiff appears to assert due process and equal protection claims under Article I, Section 19 of the North Carolina Constitution. [Doc. 19 at 6-7].

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018); see 28 U.S.C. § 1367(c)(3). A district court may also dismiss

the related state claims if there is a good reason to decline jurisdiction. See § 28 U.S.C. § 1367(c)(1), (2), and (4).  And without a § 1983 claim, the Court will not exercise supplemental jurisdiction over an alleged violation of North Carolina law.  See Artis, 138 S.Ct. at 595 (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); see 28 U.S.C. § 1367(c)(3).

"Claims brought under the North Carolina Constitution may be asserted only against state officials acting in their official capacities." Love-Lane v. Martin, 355 F.3d 766, 789 (4th Cir. 2004); see Corum v. Univ. of N.C., 330 N.C. 761, 782, 413 S.E.2d 276, 289 (1992) ("in the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution.").  A plaintiff whose rights under the North Carolina Constitution have been violated may pursue an action directly under the state constitution only if there is no other remedy under state law to redress the violation.  Corum, 413 S.E.2d at 289.  Article I, Section 19 of the North Carolina Constitution addresses due process and equal protection.  These rights are synonymous with their federal counterparts.  See Frye v. Brunswick Cty. Bd. of Educ., 612 F. Supp. 2d 694, 705 (E.D.N.C. 2009).

The Plaintiff's claim for failure to protect has passed initial review Defendants Martin and Younts. Accordingly, the Court will exercise supplemental jurisdiction over the Plaintiff's North Carolina Constitution due process claims against these Defendants in their official capacities. However, because no federal equal protection claim has passed initial review, the Court declines to exercise supplemental jurisdiction over the Plaintiff's North Carolina equal protection claim at this time.

**F.     Motion to Supplement**

The Plaintiff has filed a Letter in which he asks the Court to "combine" the Second Amended Complaint with the original Complaint, which "goes into all the detail[ed] facts along with the WHOLE FACTUAL STORY." [Doc. 22 at 1].

The Plaintiff has previously attempted to amend the Complaint in a piecemeal fashion. [See Docs. 6, 7, 9, 10, 11]. He was explicitly instructed that "piecemeal attempts to amend and supplement the Complaint will not be allowed." [Doc. 15 at 2]. The Plaintiff was granted 30 days to file a "superseding Second Amended Complaint" that would "replace the original and Amended Complaints." [Id. at 2-3]. He was cautioned that duplicative or abusive filings "[would] be stricken without further notice." [Id. at 4].

12

Case 3:21-cv-00366-MR     Document 23     Filed 03/07/22     Page 12 of 15

The Plaintiff's present Letter is construed as a Motion to Supplement the Second Amended Complaint in a piecemeal fashion, and is denied.

## IV. CONCLUSION

In sum, the Plaintiff's § 1983 claim for failure to protect has passed initial review against Defendants Martin and Younts, and the Court will exercise supplemental jurisdiction over the Plaintiff's Article I, Section 19 due process claim against those Defendants. The claims against UCJ are dismissed with prejudice and the remaining claims are dismissed without prejudice. The pro se Letter is construed as a Motion to Supplement the Second Amended Complaint, and is denied.

In light of the Court's determination that this case passes initial review, the Plaintiff will be required to fill out and return summons forms for service of process on Defendants Martin and Younts within fourteen (14) days of this Order pursuant to Rule 4(e). Once the Court receives the completed summons forms, the Clerk shall then direct the USMS to effectuate service on Defendants Martin and Younts. Failure to timely comply with this Order will result in the dismissal of the relevant Defendant(s) from this action without prejudice and without further notice. Should the Plaintiff fail to return any of the summons forms, the action will be dismissed in its entirety without prejudice and without further notice.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's § 1983 claim for failure to protect has passed initial review against Defendants Martin and Younts, and the Court will exercise supplemental jurisdiction over the Plaintiff's Article I, Section 19 due process claim against those Defendants.

2. The claims against UJC are **DISMISSED WITH PREJUDICE**.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff shall fill out and return summons forms for service of process on Defendants Martin and Younts within **fourteen (14) days** of this Order.  Failure to timely comply with this Order will result in the dismissal of the relevant Defendant(s), or the dismissal of this action in its entirety, without prejudice and without further notice.

5. The Clerk is respectfully instructed to mail summons forms to the Plaintiff for the Plaintiff to fill out and return for service of process on Defendants Martin and Younts.  Once the Court receives the completed summons forms, the Clerk shall then direct the USMS to effectuate service on Defendants Martin and Younts.  The Clerk is

respectfully instructed to note on the docket when the forms have been mailed to Plaintiff.

6. The Plaintiff's Letter [Doc. 22] is construed as a Motion to Supplement the Second Amended Complaint and is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 7, 2022

Martin Reidinger
Chief United States District Judge