# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00366-MR

| | |
|---|---|
| JASON CARMONA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNION COUNTY SHERIFF'S OFFICE, ) <br> et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion to Appoint Counsel[1] [Doc. 45] and Motions to Compel Discovery[2] [Docs. 36, 39, 40].

The Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Union County Jail (UCJ), where he is a pretrial detainee. The Second Amended Complaint

---

[1] This motion is titled "Motion to Request that Counsel be Appointed to Plaintiff." The Plaintiff also filed a Letter [Doc. 35] that was docketed as a Motion, in which the Plaintiff requests the appointment of counsel. The Letter will be disregarded because the Plaintiff has been informed, repeatedly, that "Letters to the Court will not be answered" and that he "must seek relief from the Court, if at all, by filing an appropriate Motion." [Doc. 15 at 4; see also Doc. 3 at 2].

[2] These motions are titled "Motion to Subpoena & Order," "Motion to Compel & Subpoena," and "Notice & Motion to Subpoena & Compel Witnesses to Take Depositions Upon Written Questions by Leave of Court by Plaintiff," respectively.

passed initial review against Defendant Younts, a UCJ classification officer, and Defendant Martin, a UCJ classification corporal, for failure to protect the Plaintiff from attack by four inmates. [Doc. 23]. The Court exercised supplemental jurisdiction over the Plaintiff's North Carolina due process claims. [Id.]. The Defendants have filed an Answer [Doc. 26], and discovery closes on November 15, 2022 [see Doc. 34].

In his Motion to Appoint Counsel [Doc. 45], the Plaintiff argues that he is having difficulty understanding the procedural rules and conducting discovery. He asks the Court to appoint counsel to assist him, or to grant whatever other relief it deems appropriate. As the Plaintiff has been informed previously, there is no absolute right to the appointment of counsel in civil actions such as this one and a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987); [see Doc. 15 at 3]. The Plaintiff has again failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel. The conditions he describes are common to many incarcerated litigants and do not rise to the level that the appointment of counsel would be required. Therefore, the Motion to Appoint Counsel is denied.

The Plaintiff has also filed several Motions to Compel Discovery. Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

In his first Motion to Compel [Doc. 36], the Plaintiff asks the Court to command the Union County Sheriff's Office (UCSO) to produce "the records such as disciplinary reports, incident reports, any video footage of assaults

on others and complaint's made on the four (4) [inmates] who assaulted Plaintiff their names being Byron Watkins, Micheal Hernandez, Clint Phifer (Phiper), Josh Knight."[3] [Doc. 36 at 1]. The Defendants filed a Response arguing that the Motion should be denied because the Plaintiff has not attempted to confer with counsel in a good faith effort to resolve the discovery dispute; the Motion is improper insofar as the Defendants do not have custody or control of UCSO records; the request is speculative and would be unduly burdensome; and the material that the Plaintiff seeks is irrelevant. [Doc. 38]. The Plaintiff has filed a Reply.[4] [Doc. 41].

Assuming arguendo that the Plaintiff attempted in good faith to resolve these disputes with defense counsel, the Motion will nevertheless be denied. First, the Plaintiff is seeking to compel the Defendants to produce information that the Defendants do not possess. The Defendants do not have custody or control of Sheriff's Office records, and they can only access the Jail Record Management System (JMS) in furtherance of their official duties. [Doc. 38 at 2]. UCSO is not a party to this lawsuit and no official capacity

---

[3] The Plaintiff had also requested the Defendants' "personal record" and free use of a jail phone to conduct discovery [Doc. 36 at 2], but he withdrew those requests in his Reply. [Doc. 41 at 4 ("The Plaintiff was denied the personal records and using the phone to get Discovery. The Plaintiff will accept that and won't need that.")].

[4] Titled "Response Back to Defendants' Response About Motion to Compel (36) Made by Plaintiff."

4

claims against the Defendants passed initial review. [See Doc. 23 at 4-5]. The Plaintiff has not asked this Court to issue a subpoena to UCSO. See Fed. R. Civ. P. 34, 45. Therefore, to the extent that the Motion to Compel is directed to information that the Defendants do not possess or control, and which the Plaintiff has not requested directly from UCSO, it is denied.

Second, the Plaintiff's requests for discovery regarding the four inmates who allegedly attacked him are unclear, overly broad, and irrelevant. The Plaintiff's seeks "disciplinary records" and "incident reports" for those inmates, but this is too vague and unclear to identify the specific records that he is seeking, and requiring the Defendants to search for all of the individuals' prior bad acts would be unduly burdensome. Further, the Defendants note that they have already produced those individuals' "keep-aways," none of which list the Plaintiff, and any other records relating to those individuals' bad acts are irrelevant because an inmate's general history of bad behavior is insufficient to put jail staff on notice that the Plaintiff was in danger. The Defendants have satisfied their burden of persuasion, and therefore the Motion is denied.

In the second Motion to Compel, which was filed on August 18, 2022[5] [Doc. 39], the Plaintiff seeks to subpoena camera footage from UCSO, as well as any intercom recordings from the time of the attack. The Defendants filed a Response [Doc. 43], arguing that the Plaintiff has not attempted to confer in good faith; that the discovery requests for intercom recordings were not served on counsel until August 11, 2022 and counsel has not yet been able to determine whether any such recordings exist; that counsel has already informed the Plaintiff that no video recordings of the incident exist; and that the Motion is improper insofar as it is directed to materials over which the Defendants do not have custody or control. The Plaintiff has filed a Reply.[6] [Doc. 46]. The Plaintiff explains that an intercom recording, if it exists, will show the Plaintiff and his roommate "stating [Plaintiff is] hurt and lying saying really loud [he] fell off sink because (lying) so the guys who assaulted [him] heard [them] so know [Plaintiff] wasn't snitching just yet to get the hell out that block to safety to where [Plaintiff] can tell the truth." [Id. at 4].

---

[5] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[6] This pleading is titled "Response."

The Plaintiff's request for video footage is denied. The Defendants are not the custodians of any UCJ video, and the Plaintiff has not directed any discovery request to UCSO. Moreover, defense counsel has already informed the Plaintiff that UCSO indicates that no such recording exists. [See Doc. 43 at 2-3]. Accordingly, the second motion to compel is denied.

In his third Motion to Compel [Doc. 40] the Plaintiff asks the Court to allow him access to a room at UCJ to take deposition from "Nurse Diane," who works at UCJ, and Josh Meadows, a UCJ detainee who was Plaintiff's roommate at the time of the incident. He also seeks leave to "ask written questions upon the witnesses." [Id. at 2]. In his "Questions for the Depositions of Witnesses," he seeks to present written questions to Deputy Rivas, Deputy Ingram, Deputy Orlando Perry through a "deposition officer." [Doc. 37 at 1]. The Defendants filed a Response arguing that the Motion should be denied because Plaintiff failed to attempt to confer in good faith; the Plaintiff has not served a deposition notice or subpoena on any UCSO officer or procured a court reporter; and the Plaintiff seeks to depose more than the six fact witnesses allowed in the Court's Pretrial Order and Case Management Plan.[7] [Doc. 44]. Defense counsel notes that, if the Plaintiff

---

[7] The Defendants claim that the Plaintiff has asked to depose, in some manner: the two Defendants; three other UCSO employees; the four men who allegedly assaulted him; and two other individuals. [Doc. 44 at 2, n.1].

properly notices depositions and arranges for a court reporter, the UCSO will produce noticed employees and provide a space for depositions to be conducted. [Id. at 2, n.2]. The Plaintiff filed a Reply in which he admits that he "can't procure a court reporter…" and asks the UCSO "to bring forth the officers who work for office to allow [Plaintiff] to ask them questions and write them down as well as Josh Meadows…." [Doc. 47 at 2].

Assuming arguendo that the Plaintiff attempted to confer in good faith, this Motion will be denied because the Plaintiff has not properly noticed any depositions, and he does not state that he is willing or able to pay any expenses related to those depositions. See generally United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress…."); see Fed. R. Civ. P. 30(b)(3) (the party noticing a deposition must state in the notice the method for recording the testimony, and "[t]he noticing party bears the recording cost"). To the extent that the Plaintiff is asking the Court to appoint someone to conduct and record the depositions for him, this is also denied. This case presents no circumstances that would prevent a standard deposition with a court reporter from being taken at UCJ, and the Plaintiff will not be permitted to avoid litigation expenses by shifting them to the UCSO and/or the Court in this manner. See, e.g., Hughes v. Propst, 1:21-cv-164,

8

Case 3:21-cv-00366-MR   Document 51   Filed 10/03/22   Page 8 of 9

2022 WL 909460 (W.D.N.C. April 1, 2022) (denying an incarcerated plaintiff's request to appoint an offer to take depositions by written questions for him, and to record them with a tape recorder, because Rule 28(a)(1) does not create a duty for the court to find such a person or require them to administer a deposition at the government's expense). Accordingly, this Motion is also denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk is instructed to **TERMINATE** the Letter [Doc. 35] that was docketed as a Motion.

2. The Plaintiff's "Motion to Subpoena & Order" [Doc. 36]; "Motion to Compel & Subpoena" [Doc. 39]; and "Notice & Motion to Subpoena & Compel Witnesses to Take Depositions Upon Written Questions by Leave of Court by Plaintiff" [Doc. 40] are construed as Motions to Compel Discovery, and are **DENIED**.

3. The Plaintiff's Motion to Appoint Counsel [Doc. 45] is **DENIED**.

**IT IS SO ORDERED**.

Signed: October 3, 2022

Martin Reidinger
Chief United States District Judge