IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00366-MR

| | |
|---|---|
| JASON CARMONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNION COUNTY SHERIFF'S OFFICE, ) | |
| et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion/Notice Permission to Subpoena Witnesses…" [Doc. 49]; "Motion to Allow Plaintiff to Take Depositions Without a Court Reporter and by Written Questions – Interrogatories" [Doc. 50]; "Motion to Allow Plaintiff to Have All Witnesses to Attend the Trial Date to Prove Plaintiff's Claim When the Time Comes if it Comes to That" [Doc. 54]; and "Supplemental Motion for Discovery" [Doc. 55].

The Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Union County Jail (UCJ) where he is a pretrial detainee. The Second Amended Complaint passed initial review against Defendant Younts, a UCJ classification officer,

and Defendant Martin, a UCJ classification corporal, for failure to protect him from attack by four inmates; the Court exercised supplemental jurisdiction over the Plaintiff's due process claims under the North Carolina Constitution in the Defendants' official capacities. [Doc. 23]. The Defendants have filed an Answer [Doc. 26], and the Court entered a Pretrial Order and Case Management Plan setting the discovery cutoff date as November 15, 2022, and making dispositive motions due on December 15, 2022 [Doc. 34].

Before addressing the present Motions, the Court will reconsider, *sua sponte,* its October 3, 2022 Order that addressed several Motions to Compel.[1] [Doc. 51]. The Plaintiff previously sought UCSO records including video and intercom footage from the assault.[2] [Doc. 39; see also Docs. 36, 40]. The Defendants objected, *inter alia*, because "the Defendants in this case … are both sued in their individual capacities, the Court having dismissed all official capacity claims [and] [n]either Defendant has custody or control of the Sheriff's Office records [so that] they can only access jail videos in furtherance of official duties…" and, therefore, the request for documents from UCSO through the Defendants is improper. [Doc. 43 at 2-

---

[1] The Order also addressed a Motion to Appoint Counsel.

[2] According to defense counsel, no such video footage exists, and it was unclear at that time whether any such intercom recordings exist. [See Doc. 43].

3]. The Court denied the Plaintiff's Motion, in part, because only individual-capacity claims had passed initial review and the Plaintiff had requested information that was outside of the Defendants' custody and control. [Doc. 51]. This conclusion was mistaken; although all of the Plaintiff's § 1983 official-capacity claims were dismissed, the Court exercised supplemental jurisdiction over the Plaintiff's claims for violations of the North Carolina Constitution against the Defendants in their official capacities.[3] [See Doc. 23 at 12]. As such, the Plaintiff's request for UCSO discovery through the Defendants was not improper and the Court hereby vacates the portions of its October 3, 2022 Order denying the Plaintiff's Motions to Compel on that basis.[4] See generally American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) (a court may exercise its discretion to reconsider its interlocutory orders at any time); Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002) (suits against sheriffs in their official capacity are in substance claims against the office of the sheriff itself). The Plaintiff's Motion to Compel [Doc. 39] is granted insofar as the

---

[3] Counsel for UCSO appeared on behalf of "all named Defendants" [Doc. 25] i.e., Defendants Martin and Younts in their individual and official capacities. [See Doc. 23]. The Court will instruct the Clerk to serve Sheriff Cathey with the Second Amended Complaint [Doc. 19] in an abundance of caution.

[4] The Order denying the Plaintiff's Motions to Compel on alternate grounds remains unchanged. [See Docs. 36, 39, 40, 51].

Defendants will be required to produce any relevant intercom recordings to the Plaintiff. [Doc. 39]. The Court will extend the discovery and dispositive motions deadlines in light of this ruling.

In the instant Motions, the Plaintiff asks the Court to allow him to subpoena witnesses[5] for "depositions" in writing, or without a court reporter because the Plaintiff cannot afford to hire one. [Docs. 49, 50; see Doc. 49-1 at 1-23 (deposition subpoena forms listing the recording method as "written questions on paper…")]. The Court previously denied the Plaintiff's requests to depose witnesses without having a court reporter present, or in writing. [See Doc. 51 at 8-9]. The present requests to conduct subpoenas in writing or without the presence of a court reporter are denied for the same reasons.

The Plaintiff also seeks permission to subpoena witnesses for a trial in the future. [Docs. 49, 54]. The Plaintiff's requests are premature. He will have the opportunity to subpoena witnesses should this case survive dispositive motions and proceed to a trial.[6]

---

[5] It appears that he seeks to depose Defendants Martin and Younts; Deputies Ingram, Orlando, and Rivas; Nurses Diane and Dozier; detainee Josh Meadows; and inmates Steven Dayton, Clint Warren Phifer, Michael Cameron Hernandez, and Byron Blair Watkins in this manner. [See Doc. 49-1 at 1-23; Doc. 40 at 1-2].

[6] The Plaintiff also mentions that he has documentary evidence that he would like to file with the Court. [Doc. 54 at 5-6]. The Plaintiff will have the opportunity to submit evidence in due course. See generally Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

4

The Plaintiff's "Supplemental Motion for Discovery" [Doc. 55] appears to be a routine discovery request that has been misdirected to the Court. See [Doc. 4 (Order of Instructions)]; LCvR26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). The Plaintiff asks the Court to "treat this request as a supplemental Motion for Discovery," should the Defendants choose to "refrain from voluntary disclosure or den[y] any of the requested information within seven days from the date of service…." [Id. at 3]. The Plaintiff's attempt to have his routine discovery request serve as a conditional Motion to Compel is rejected, and the Motion is denied. The Plaintiff is instructed to comply with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Order of Instructions, and to file a motion with the Court only if necessary to resolve a genuine discovery dispute after attempting to resolve the same with defense counsel.[7]

---

[7] The Plaintiff is reminded that overly broad and irrelevant discovery requests will not be enforced by the Court. [See Doc. 51].

Finally, the Plaintiff asks the Court to obtain pro bono counsel to represent him. [Doc. 49 at 2]. The Plaintiff previously requested the appointment of counsel, which was denied. [See Doc. 15 at 3; Doc. 51 at 2]. The Plaintiff's present request for counsel is denied for the same reasons.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion/Notice Permission to Subpoena Witnesses…" [Doc. 49]; "Motion to Allow Plaintiff to Take Depositions Without a Court Reporter and by Written Questions – Interrogatories" [Doc. 50]; "Motion to Allow Plaintiff to Have All Witnesses to Attend the Trial Date to Prove Plaintiff's Claim When the Time Comes if it Comes to That" [Doc. 54]; and "Supplemental Motion for Discovery" [Doc. 55] are **DENIED**.

2. The Court's October 3, 2022 Order [Doc. 51] is **VACATED IN PART** as stated in this Order.

3. The Plaintiff's "Motion to Compel & Subpoena" [Doc. 39] is **GRANTED IN PART** and the Defendants shall produce any relevant intercom recordings to the Plaintiff.

4. The Pretrial Order and Case Management deadlines are **EXTENDED**. The parties shall have until December 15, 2022 to

complete discovery, and until January 15, 2023 to file dispositive motions.

**IT IS FURTHER ORDERED** that the Clerk shall complete a summons form as to Sheriff Eddie Cathey. The United States Marshal is directed to serve Defendant Cathey with the summons and a copy of the Second Amended Complaint [Doc. 19].

**IT IS SO ORDERED.**

Signed: November 21, 2022

Martin Reidinger
Chief United States District Judge