UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6930

JASON CARMONA,

        Plaintiff - Appellant,

    v.

KELLY MARTIN, Corporal, Individual and Official Capacity; HOLLIE YOUNTS, Individual and Official Capacity; EDDIE CATHEY, Sheriff, Individual and Official Capacity,

        Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, Chief District Judge. (3:21-cv-00366-MR)

Submitted: August 23, 2024                           Decided: October 15, 2024

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jason Carmona, Appellant Pro Se. Steven Andrew Bader, Raleigh, North Carolina, Patrick Houghton Flanagan, CRANFILL SUMNER, LLP, Charlotte, North Carolina; Donald Brandon Christian, Monroe, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Carmona, a former North Carolina pretrial detainee, appeals the district court's order awarding summary judgment to Appellees Kelly Martin and Hollie Younts[1] on Carmona's 42 U.S.C. § 1983 claims for failure to protect under the Fourteenth Amendment to the United States Constitution and Article 1, Section 19, of the North Carolina Constitution.[2] On appeal, Carmona challenges certain discovery rulings and the entry of summary judgment in favor of Appellees. We affirm.

Beginning with the challenged discovery rulings, we review a district court's discovery rulings for abuse of discretion, while remaining "mindful of the broad discretion accorded to district courts to supervise discovery . . . as part of their case-management authority." *Mey v. Phillips*, 71 F.4th 203, 217 (4th Cir. 2023) (internal quotation marks omitted). "[I]t is unusual to find an abuse of discretion in discovery matters, and such an abuse will only be identified where discovery restrictions prevent a litigant from pursuing a litigation theory." *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 323 (4th Cir. 2018) (cleaned up). Here, Carmona moved for leave to conduct depositions without a court reporter or to have either Appellees or the district court provide someone

---

[1] The district court dismissed on initial review Carmona's claims against Appellee Eddie Cathey. Carmona has forfeited appellate review of the dismissal of those claims by failing to address them in his informal brief. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (limiting our review to issues raised in informal brief).

[2] This provision of the North Carolina constitution is construed synonymously with the Due Process Clause of the Fourteenth Amendment. *See Tri Cnty. Paving, Inc. v. Ashe County*, 281 F.3d 430, 435 n.6 (4th Cir. 2002). Our analysis of Carmona's federal deliberate indifference claim thus also applies to his state law claim.

to conduct the depositions for him. We discern no abuse of discretion in the denial of these motions. *See* Fed. R. Civ. P. 30(b)(3)(A) (stating party who notices a deposition must identify method by which it will be recorded and "bears the recording costs").

We review de novo a district court's grant of summary judgment, viewing "the facts in the light most favorable to" the nonmoving party and "drawing all reasonable inferences in his favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [his] favor." *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022) (cleaned up).

Consistent with our precedent at the time that it entered its order, the district court assessed Carmona's claim using the test for Eighth Amendment failure-to-protect claims brought by convicted prisoners. *E.g., Younger v. Crowder*, 79 F.4th 373, 382 (4th Cir. 2023); *Moss v. Harwood*, 19 F.4th 614, 624 & n.4 (4th Cir. 2021). That test has both an objective element and a subjective element. *See Younger*, 79 F.4th at 382. The district court found Appellees were entitled to summary judgment because Carmona had not forecast evidence creating a genuine dispute of material fact on the subjective element.

After the district court entered its order, we held that the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), had abrogated our precedent requiring the application of the subjective element of the Eighth Amendment test to a pretrial detainee's deliberate indifference claim under the Fourteenth Amendment. *Short v.*

3

*Hartman*, 87 F.4th 593, 611 (4th Cir. 2023), *cert. denied*, No. 23-1097, 2024 WL 2883766, at *1 (U.S. June 10, 2024).  That is, we held a pretrial detainee's deliberate indifference claim must be evaluated under an entirely objective standard.  *Id.*

Although the district court did not have the benefit of our decision in *Short* when it rejected Carmona's claim, our review of the record leads us to conclude that summary judgment in Appellees' favor was appropriate under the proper, purely objective standard. *See Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 722 n.19 (4th Cir. 2024) ("[W]e may affirm on any basis apparent from the record.").  To prevail on his failure-to-protect claim, Carmona must establish that Appellees exposed him "to an objectively substantial risk of serious harm."  *Younger*, 79 F.4th at 382 (internal quotation marks omitted).  But the parties' forecast evidence does not establish an objectively substantial risk of serious harm that a reasonable official in Appellees' position would have appreciated.  *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).  It is undisputed that Carmona vaguely complained to Appellees that he thought he would be attacked if he was assigned to B Block.  But it is also undisputed that, when he was questioned about this alleged threat, Carmona could not identify any specific persons who intended to harm him.  On the facts of this case, we conclude that Carmona failed to adequately establish that "a reasonable offic[ial] in the circumstances would have appreciated the high degree of risk involved" in placing him in B Block, "making the consequences of [Appellees'] conduct obvious."  *Id.*

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*